# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**LINDA CONE SELENSKY,**

    **Plaintiff,**            :

vs.                                           :        CIVIL ACTION 09-0592-CG-C

**JUDGE WHIDDON, et al.,**        :

    **Defendants.**            :

## REPORT AND RECOMMENDATION

Plaintiff, Linda Selensky, who is proceeding *pro se* and *in forma pauperis*, filed a handwritten complaint commencing this action. Plaintiff's motion to proceed without prepayment of fees was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1). Local Rule 72.2(c)(1) provides for the automatic referral of non-dispositive pretrial matters, such as plaintiff's motion to proceed without prepayment of fees, to a Magistrate Judge. When considering this motion, the Magistrate Judge is also required by 28 U.S.C. § 1915(e)(2)(B) to screen the complaint under 28 U.S.C. § 1915(e)(2)(B).[1] *Troville v. Venz,* 303 F.3d 1256, 1260 (11th Cir. 2002)

---

[1] This section provide provides:

    (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
        (A) the allegation of poverty is untrue; or
        (B) the action or appeal –

(applying § 1915(e) to non-prisoner actions).  During the screening of the complaint, the Court found that it lacked subject matter jurisdiction, which is a matter that can be raised at anytime by the Court.  *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir. 2001).  Accordingly, it is recommended that this action be dismissed for lack of subject matter jurisdiction,

**I.  Nature of Proceedings.**

Selensky's handwritten complaint is titled "Motion to File a Discrimination Intimidation & Harassment Against a Disabled Person, Also Civil Rights Violation." (Doc. 1).  In it she names as Defendants Judge Whiddon, Animal Control, Bayou Bend Apartments, LLC ("Bayou Bend"), and Police Department of Mobile ( "Police Department").  (*Id.* at 1).

Selensky begins her complaint by informing the Court that she has been discriminate against due to her disability from an unidentified on-the-job injury and because she is a female.  (*Id.*).[2]  She alleges that the "system" is supposed to help and to protect someone like her instead she has suffered from an abuse of power.  (*Id.*).

---

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

[2]In a letter to undersigned plaintiff states that "the management went after [her] because [she] was complaining."  (Doc. 3).  This position is different than her position in the complaint - she is being discriminated against and her civil rights are being violated.

For four years Selesnky has lived at apartment 46, 1957 Brill Road, Mobile, Alabama.  (*Id.* at 2).  When defendant Bayou Bend began managing the apartments two years ago, it wanted to eliminate pets from the complex, which resulted in some pets being shot, hanged, and poisoned.  (*Id.*).  Therefore, plaintiff took animals into her apartment to save them.  (*Id.*).  Because of her animals, for the past two years defendant Bayou Bend would not repair her apartment but would re-certify her application, charge her rent, take her rent, and harass her.  (*Id.*).  Selensky appears to be complaining about the condition of her apartment for which she was still charged rent and paid rent.  (*Id.*).  Her apartment does not have a stove, a working hot water heater, an operating refrigerator, functioning kitchen wiring,  air conditioning, and heat.  (*Id.*).  The apartment's floor is concrete, the ceiling's paint is peeling, and there is a one-foot water line on the walls from flooding.  (*Id.*).

On account of her animals, Selensky has been issued tickets by defendant Animal Control for unsanitary conditions, animal cruelty, obstruction of justice, and failure to sign the tickets.  (*Id.*).  As a result of these tickets Selensky appeared in court before defendant Judge Whiddon who told her that she was looking at jail time and that he would appoint her an attorney.  (*Id.* at 3).  Selensky declined the offer of an attorney because she was not given an opportunity to speak.  (*Id.*).  Defendant Whiddon sentenced her to thirty days in jail and gave her the opportunity to get her affairs in order.  (*Id.*).

The following day Selensky complained in the mayor's office and "filed a lawsuit against everyone, but Mobile Police Dept."  (*Id.*).  "Again [she] went [to] court and the

judge declared a mistrial."  (*Id.*).  Selensky maintains that she would be in jail if she had not filed the complaint.  (*Id.*).  Nonetheless, she will be returning to court for the animals and for her eviction.  (*Id.*).  Selensky wants the Court to help her "stop what they are doing."  (*Id.*).

After filing her complaint Selensky filed a document from the City of Mobile Animal Shelter and  a copy of warrant, dated October 23, 2009, which reflects that her apartment was to be searched for any animals, cats or dogs, on the ground that a misdemeanor for cruelty to animals was being committed.  (Docs. 4 & 6 (identical filings)).  The warrant's return indicates that one dog and eighteen cats were seized.  (*Id.*).

**II. Analysis.**

    **A.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Selensky is proceeding *in forma pauperis*, the Court is reviewing the complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).[3]  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).  A claim is frivolous as a matter of law where, *inter alia,* the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  *Id.*           In

---

[3]The frivolity and the failure-to-state-a-claim analysis contained in *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996.  *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B). *Id.* at 1348-49.

addition, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997).

When addressing a *pro se* litigant's allegations, the Court gives them a liberal construction by holding them to a more lenient standard than the those of an attorney. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595-596 (1972). However, the Court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.), *cert. denied,* 493 U.S. 863 (1989).

### B. Requirements for Subject Matter Jurisdiction.

The Court's first consideration in reviewing any action is whether it has subject matter jurisdiction over the action. *United States v. Denedo*, ___ U.S. ___, ____, 129 S.Ct. 2213, 2219 (2009). A federal court is a court of limited of jurisdiction which is authorized by the Constitution or Congress to hear only certain types of actions. *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). "Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith,* 236 F.3d at 1299. "[A] federal court should

inquire into whether it has subject matter jurisdiction at the earliest stage in the proceedings. . . [and] is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 2000) (citations omitted). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

It is a plaintiff's responsibility in a federal civil action to set forth in the complaint the basis for the Court's subject matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("[T]he pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include a short and plain statement of the grounds upon which the court's jurisdiction depends."); *Kirkland Masonry, Inc. v. Comm'r*, 614 F.2d 532, 533 (5th Cir. 1980) (same).[4]  Furthermore, Rule 8(a)(1) of the Federal Rules of Civil Procedure states that a complaint "must contain a short and plain statement of the grounds for the court's jurisdiction[.]"[5]

---

[4] The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[5] Rule 8(a) of the Federal Rules of Civil Procedure (2007) states:

> (a) Claim for Relief.  A pleading that states a claim for relief must contain:
>
>> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has

When a court considers dismissal for lack of subject matter jurisdiction, it accepts the "well-pled facts as true, [but] is not required to accept a plaintiff's legal conclusions." *Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252, 1260 (11th Cir. 2009). To determine the complaint's sufficiency, the court draws reasonable inferences in favor of plaintiff, but it is not required to arrive at plaintiff's inference. *Id*. Moreover, the court does not accept as true conclusory allegations of fact. *Ashcroft v. Iqbal*, ___U.S. ___, ___, 129 S.Ct. 1937, 1951 (2009).

**C. Lack of Subject Matter Jurisdiction**.

In the present action, the only allegations that approach identifying a basis for the Court's jurisdiction are the references to the terms "discrimination," "disabled person," and "civil rights violations." And these terms appear to be in the nature of a conclusion by Selensky or a legal conclusion that a court would make. The development of these terms is scant in that Selensky states only that she was discriminated against because she is a

---

jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitle to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

7

female and is disabled. She provides no nexus between her gender, disability, and civil rights and the actions that have been taken against her. Furthermore, no statutes are referenced in the complaint.

Selesnky's other allegations in the complaint do not support a finding of discrimination on account of her sex or disability or of a violation of her civil rights because they are not consistent "jurisdictional" allegations. *Cf. Taylor*, 30 F.3d at 1367 ("[T]he pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include a short and plain statement of the grounds upon which the court's jurisdiction depends."). Rather these other allegations are concerned with the actions of defendant Bayou Bend, defendant Animal Control, and defendant Whiddon that these defendants took in response to Selensky keeping animals in her apartment or to the number of animals being kept in her apartment, the conditions under which the animals are being kept, and the condition of her apartment. Furthermore, Selensky complains about the result of the court proceeding before defendant Whiddon and states briefly that she will be returning to court on account of the animals and for eviction proceedings. Selesnky provides no further information about these future court proceedings.

The complaint's factual allegations do not support her legal conclusion of discrimination on account of her gender and disability or of a violation of civil rights. Without any support for her claims of discrimination and of civil rights violations, these claims are "wholly insubstantial and frivolous" and therefore cannot give rise to federal question jurisdiction. *Southpark Square Ltd. v. City of Jackson, Miss.,* 565 F.2d 338, 342-

43 (5th Cir.) (a federal claim "must be more than frivolous to support federal question jurisdiction" and can satisfy this threshold only if "there is any foundation of plausibility to the claim"), *cert. denied,* 436 U.S.946 (1978); *Dunlap v. G&L Holding Group, Inc.,* 381 F.3d 1285, 1291-92 (11th Cir. 2004) (a federal issue must be "substantial" to confer federal subject matter jurisdiction).  Thus, this action is due to be dismissed for lack of subject matter jurisdiction.

### D.  Other Reasons Contributing to the Complaint's Insubstantiality.

Based on Selensky's allegations alone, *supra*, without considering the defendants, the Court does not have jurisdiction over this action.  However, when considering the defendants, the insubstantiality of the complaint is magnified.  For example, defendants Police Department and Animal Control are unsuable entities.

In order to bring a viable claim against a defendant, the defendant sued must be an entity that is subject to being sued.  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held. . . ."  FED.R.CIV.P. 17(b); *see Dean*, 951 F.2d at 1214.  "[P]olice departments are not usually considered legal entities subject to suit."  *Id.*  In Alabama a city's police department is not a suable entity or a proper party under state law.  *Hawkins v. City of Greenville,* 101 F. Supp.2d 1356, 1363 (M.D. Ala. 2000); *accord Eddy v. Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989) ("Where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit."); *Reese v. Chicago Police Dept.*, 602

F. Supp. 441, 443 (N.D. Ill. 1984) (finding a police department does not have a legal existence separate from the city and, therefore, is not a suable entity).  Inasmuch as defendant Police Department is not a suable entity under Alabama law, the claim against defendant Police Department is frivolous.

Furthermore, defendant Animal Control is not recognized as a separate entity under state law.  *See* ALA. CODE § 11-47-110 (2004) (each city or town has the power to regulate animals); ALA. CODE § 3-9-2 (2006) (recognizing that animal control agencies are operated by a political subdivision of the state); *see also Jackson v. Placer County,* 2007 WL 1429827, at *12  (E.D. Ca. May 15, 2007) (animal control is a division of the county health and human services department and is not a suable person).  Accordingly, a claim against defendant Animal Control is frivolous.

Another defendant is Judge Whiddon.  Typically, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the "'clear absence of all jurisdiction.'"  *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1105 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 13 Wall. 335, 351, 20 L.Ed. 646 (1871)); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996); *Scott v. Hayes*, 719 F.2d 1562, 1563 (11th Cir. 1983).  A judge is entitled to this immunity even though his act "was in error, was done maliciously, or was in excess of his authority."  *Stump*, 435 U.S. at 356, 98 S.Ct at 1105.  Absolute judicial immunity ensures "'that a judicial officer, in exercising that authority vested in him, [is] free to act upon his own convictions, without apprehension of personal consequences to himself," *id.*

at 355, 98 S.Ct. at 1104 (quoting *Bradley*, 13 Wall. at 347), which is a "'principle of the highest importance to the proper administration of justice[.]'" *Id.*  Considering that Selensky appeared before defendant Whiddon and complains of the ruling he made, it would appear that he was acting within his judicial capacity and jurisdiction in his dealings with her.  Defendant Whiddon then would be entitled to absolute judicial immunity from damages, and a damages claim against defendant Whiddon would be, therefore, frivolous.

In addition, it is apparent that Selesnsky is involved in ongoing state-court proceedings.  The Court cannot adduced the nature and status of the present proceedings, except they concern the animals and eviction, because no further information was provided.  Selensky, however, wants the proceedings stopped.

When an action is filed in this Court and there is ongoing litigation in state court, this Court generally will abstain from hearing the action either by dismissing the action or by staying the action.  *Moorer v. Demopolis Waterworks and Sewer Bd.*, 374 F.3d 994, 998 (11th Cir. 2004) (citing *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236 (1976)).  And, if the state-court action in which Selensky seeks the Court's intervention is a criminal prosecution, the Court will abstain and dismiss the federal court action absent extraordinary circumstances, which have not appeared in this action.  *Younger v. Harris,* 401 U.S. 37, 53-54, 91 S.Ct. 746, 755 (1971).

Furthermore, if a final judgment has been entered in these state actions, this Court lacks subject matter jurisdiction over final judgments in state court cases based on the *Rooker-Feldman* doctrine.  *District of Columbia Court of Appeals v. Feldman*, 460 U.S.

462, 482, 103 S.Ct. 1303, 1315 (1983); *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 150 (1923). "Review of such judgments may be had only in [the United States Supreme Court]." *Id*. The *Rooker-Feldman* doctrine not only precludes a federal district court from reviewing federal issues that were raised in state court proceedings but also those federal issues that should have been raised in state court proceedings because they are "inextricably intertwined" with a state court's judgment. *Id.* at n.16, 103 S.Ct. at n.16.

An "action in federal district court is neither an alternative nor a complement to the appeal of a state trial court decision to a higher state court." *Rolleston v. Eldridge,* 848 F.2d 163, 165 (11th Cir. 1988). "A litigant may not escape application of the [*Rooker-Feldman*] doctrine by merely electing not to appeal an adverse state trial court judgment." *Powell v. Powell,* 80 F.3d 464, 467 (11th Cir. 1996). Therefore, if a final judgment has been entered in one of Selesnky's state-court cases, this would be another reason for the Court decline to exercise its subject matter jurisdiction of this action. Selensky should pursue her remedies through the state courts.

### E. Selesnky's Unsuccessful Prior Litigation in This Court.

For these additional reasons, the Court concludes that Selensky has not established the Court's subject matter jurisdiction over her complaint. Plaintiff is well aware of the necessity of establishing the Court's subject matter jurisdiction due to her two prior actions in this Court being dismissed for lack of subject matter jurisdiction. *Selensky v. Mobile Infirmary,* CA 06-0217-WS-M (S.D. Ala. June 12, 2006); *Selensky v. State of*

*Alabama,* CA 08-0173-WS-C (S.D. Ala. July 3, 2008).  In *Selensky v. Mobile Infirmary* the Court, after giving her pleading instructions and a copy of the *Pro Se Litigant Guide,* provided Selensky opportunities to establish its jurisdiction.  Subsequently, the Court dismissed her action for lack of jurisdiction.  (Doc. 12).  On appeal to the Eleventh Circuit Court of Appeals, the district court's decision was affirmed.  (Doc. 25).  Subsequently the United States Supreme Court denied the *writ of certiorari.*  (Doc. 26).

Then in *Selensky v. State of Alabama,* Selensky challenged her worker compensation action that she litigated through the Alabama state courts to the United States Supreme Court.  (Doc. 4 at 7).  Having learned from her prior action, she alleged in her complaint that her claim "[has] merit and is not frivolous and the jurisdiction is proper."  (*Id.* at 3).  Noting Selenksy's prior action where she was given instructions on pleading, the Court determined that her action should be dismissed for lack of subject matter jurisdiction or, in the alternative, as frivolous.   (Docs. 4 & 7).  On appeal, the Eleventh Circuit Court of Appeals affirmed the dismissal of  her action as being barred by the Eleventh Amendment.  (Doc. 17).

**III.  Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed for lack of subject matter jurisdiction.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 3rd day of November, 2009.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

l.      *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.